UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNITTING FEVER, INC., a New York Corporation, KFI, INC., a New York Corporation, SION ELALOUF, an individual, and JAY OPPERMAN, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR UNFAIR COMPETITION AND FALSE ADVERTISING**<br><br>Jury Demand |

COMES NOW Cascade Yarns, Inc. ("Cascade"), in order to protect its interests given certain claims raised against it in pending litigation and certain orders of the Court in that litigation, and files this Complaint and in support thereof alleges as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.  Cascade is a Washington corporation having a principal place of business at 1224 Andover Park East, Tukwila, Washington 98188. Cascade is one of the nation's finest

Complaint For Unfair Competition
And False Advertising - 1
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

purveyors of yarns and sells its products through specialty retailers and boutiques throughout the United States.

2. Knitting Fever, Inc. and KFI, Inc. (collectively "KFI"), Sion Elalouf and Jay Opperman, (collectively, "Defendants") are also participants in the wholesale market for hand knitting yarns in the United States. KFI claimed to be the leading wholesale yarn supplier to specialty retailers. KFI sells its products through retailers and boutiques throughout the United States.

3. Cascade is one of KFI's chief competitors in the wholesale yarn market place in the United States.

4. Knitting Fever, Inc. is a corporation organized and/or existing since 1980 under the laws of the State of New York. KFI, Inc. is a corporation organized and/or existing since 1994 under the laws of the State of New York. On information and belief, KFI has its principal place of business at 315 Bayview Avenue, Amityville, New York 11701-2801. On information and belief, KFI, Inc. shares the same business address with Knitting Fever, Inc., along with most if not all executive, shipping and administrative employees. On information and belief, import shipments of yarn are commonly, if not always, shipped and billed to Knitting Fever, Inc., as KFI, Inc. does not have relationships with or receive shipments from supplier, other than Knitting Fever, Inc. On information and belief, Knitting Fever, Inc. and KFI, Inc. routinely operate out of the same booth at tradeshows, and Knitting Fever, Inc. arranges and pays for such booths. On information and belief, Knitting Fever, Inc. and KFI, Inc. share a telephone and computer system at 315 Bayview Avenue, and that an employee answering the telephone may access either companies records on the same equipment. On information and

Complaint For Unfair Competition
And False Advertising - 2
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

belief, KFI, Inc. no longer owns nor occupies its listed headquarters of 33-35 Debevoise Avenue, Roosevelt, New York 11575-1711. On information and belief, Knitting Fever, Inc. and KFI, Inc. share an interactive webpage and a contract for sales support for purchases from the same webpage.

5. Sion Elalouf is a natural person and, on information and belief, resides at 22 Longwood Road, Port Washington, New York 11050-1260. On information and belief, since 1980, Mr. Elalouf has been the sole or controlling shareholder and chief executive of KFI and has been and continues to be responsible for setting KFI's trade policies and practices. He serves in the same capacities for KFI, Inc.

6. Jay Opperman is a natural person and, on information and belief, resides at 78 Clinton Avenue, Montclair, New Jersey 07042-2116. Mr. Opperman has held himself out in various capacities in relation to KFI, including as an independent sales representative of KFI, as a KFI principal and/or KFI sales manager responsible for selecting and marketing KFI's products and managing a national sales force tasked with increasing sales of hand knitting yarn products to retailers.

7. Mr. Opperman is a managing agent of KFI in charge of its United States sales operations. He oversees both employees and independent contractors of Defendants and is compensated in part upon Defendants gross sales volume for his management services in overseeing the sales force. Mr. Opperman has traveled to the State of Washington on more than one occasion for the purpose of training a sales representative in selling yarn to Washington customers. Mr. Opperman has also personally presented sales samples to Washington customers in Washington for the purpose of soliciting orders and has disseminated his business cards to

Complaint For Unfair Competition
And False Advertising - 3
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

Washington customers. Mr. Opperman has personally trained and supervised the two sales representatives, who are currently responsible for customers in Washington.

8. Mr. Opperman is also involved in yarn procurement and marketing. He routinely travels to trade shows in the United States, Germany, and Italy where he meets with yarn suppliers and is involved in advising Mr. Elalouf in purchasing decisions. According to Mr. Opperman, he is instructive in yarn selection for each season and supervises sales teams at Knitting Fever and Euro Yarns. Mr. Opperman is also involved in vendor negotiations, which take place in late summer or early fall in New York.

9. According to KFI's Facebook page:

- KFI imports the finest yarns from around the world for American knitters and crocheters - including favorites like Debbie Bliss, Louisa Harding and Noro.

- KFI's mission is to supply American knitters with the highest quality yarn lines supported by the greatest designers the industry has seen to date.

- KFI supplied the nation with the highest quality yarn lines supported by the greatest designers the industry has seen to date.

- KFI uses lessons learned as a retailer to service its customers. This insight allows KFI to provide the best value and the most cutting edge yarns and support available today. From world class designers like Noro, Debbie Bliss, Louisa Harding, Elsebeth Lavold, Ella Rae, Jane Ellison, Cornelia Tuttle Hamilton, Jenny Watson, and Jean Moss– to some of the oldest and most respected yarn manufacturers in Europe like Sirdar, Sublime, Katia, Laines du Nord, and OnLine, Knitting Fever takes pride in supplying the best yarns and the best

Complaint For Unfair Competition
And False Advertising - 4
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

support from around the world.

10. Mr. Elalouf is a managing agent of KFI and Sales Solutions, Inc. Sales Solutions, Inc. is involved in the payment of commissions to sales representatives that are employed by or contracted to KFI that sell the yarns that are the subject of this Complaint. Sales Solutions operates out of KFI's facilities and has no operations independent of KFI. Mr. Elalouf is the highest authority in these entities in that he does not report as a subordinate to anyone else in the management the above-stated companies. Mr. Elalouf is actively personally involved in management of these entities particularly in decisions such as buying, labeling, marketing, and selling yarns. On information and belief, Mr. Elalouf operates KFI and KFI. Inc. as his alter ego. Accordingly, each reference to KFI herein includes KFI, Inc.

11. Mr. Elalouf is familiar with many segments of the yarn industry. He authored two books on yarn and knitting; over the last 20 years, he routinely attended trade shows in the United States, Germany, the United Kingdom, and Italy on an annual basis; arranged for the publication of two semi-annual knitting magazines; visited and toured numerous spinning mills; and made yarn acquisition decisions for KFI since its inception.

12. The Defendants are participants in the wholesale market for hand knitting yarns in the United States. Defendants have served as the United States distributor for Mondial and Katia branded yarns.

13. Defendants had the distribution rights for Mondial yarns in the United States. Upon information and belief, Defendants lost the distribution rights for Mondial yarns sometime before 2010. Mondial replaced Defendants with Trendsetter as distributor for the Mondial yarns in the United States. The yarns that Mondial supplied to Defendants, prior to

Complaint For Unfair Competition
And False Advertising - 5
Case No.

Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 Fax: 415.434.3947

switching to Trendsetter, were specifically labeled "Made in Italy."

14. Defendants are aware that many yarn sourcing companies, which supply yarns to Defendants, are not in fact yarn spinners and produce no yarn themselves. Filatura Pettinata VVG, Emmepieffe, Katia, and Mondial are known to Defendants not to actually produce yarns supplied to Defendants in their own facilities. Additionally, on information and belief, Mr. Elalouf was told by Mr. Bruce Landau, a sales agent for the yarn spinner Di Ve, that Mondial and Katia purchased yarn spun by Di Ve and thereafter sold the yarns under Mondial and Katia's respective brands. On information and belief, Mr. Elalouf was told by Mr. Landau that yarn, which Katia branded and labeled as made in Spain, was actually made by Di Ve in Italy.

15. Defendants lack information and reasonable belief that either Katia or Mondial actually manufacture any of the products branded with their names, which KFI distributes in the United States. Defendants are not aware of any communications from Katia stating that Katia actually manufactures any yarns branded with the Katia name, or communications from Mondial that Mondial actually manufactures any yarns branded with the Mondial name. Defendants are not aware of any communications from Mondial indicating that any yarns from Mondial, which are silent as to country of origin, save the name and country of operation of Mondial, indicating that such yarns were actually made in Italy. Defendants are not aware of any communications from Katia indicating that any yarns from Katia, which are silent as to country of origin, save the name and country of operation of Katia, indicating that such yarns were actually made in Spain. Defendants took no effort to inquire from either Katia or Mondial as to where products not expressly stating a country of origin were actually manufactured.

Complaint For Unfair Competition
And False Advertising - 6
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

16. Prior to August 2010, many Katia yarns that Defendants distributed were labeled "Made in Italy." Some Katia yarns identified a different country of origin. For example, Defendants sold and distributed a Katia yarn called "Evita" which was labeled "Made in Argentina."

17. Defendants are personally familiar with sourcing and importing fancy yarns, such as ruffle scarf yarns. Fancy yarn, unlike plied worsted yarns, are often crocheted on an industrial crochet machine. Defendants have imported their own fancy yarns, branded in a label owned by KFI, and import these yarns from Turkey and China.

18. At some date following August 2010, Defendants reacquired the distribution rights for the United States from Mondial. After Defendants reacquired the distribution rights, Mondial started sourcing its products from Turkey and or China and ceased to list a country of origin upon many of its labels. Similarly, Katia began importing products from Turkey and or China and ceased to list a country of origin upon many of its labels.

19. Defendants made no effort to inquire of either Mondial or Katia as to why the country of origin was removed from their labels. KFI and/or Mr. Elalouf fraudulently submitted a continuing guaranty to the Federal Trade Commission with knowledge that the yarns sold in the United States by KFI that are the subject of this Complaint do not identify the source, distributor, or country of origin for those yarns. KFI and/or Mr. Elalouf has kept the guarantee on file, despite having actual knowledge that products sold under it were not properly labeled under the Wool Products Labeling Act and/or the Textile Products Identification Act.

Complaint For Unfair Competition
And False Advertising - 7
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

20. Subsequent to Cascade filing suit against Defendants in 2010, a managing agent of one of Defendants' suppliers wrote to KFI regarding the alleged failure of Cascade to identify the country of origin of certain yarns sold by Cascade and advised that the labels of certain yarns only identified the location of the distributor and that this was misleading. The correspondence was provided to Mr. Elalouf. Mr. Elalouf is ultimately responsible for labeling the yarns sold by Defendants.

21. Mr. Elalouf and his attorneys were aware of the deficiency of the labeling of Katia yarns, as Mr. Elalouf refused to answer questions on the labeling of the yarns during his deposition in July 2012, until ordered to do so by a United States Magistrate Judge during the deposition.

22. Upon information and belief, KFI has been unwilling to fulfill more than one order for Katia and Mondial yarns, placed by Robert Dunbabin on its Shopatron partnered website, stating that the yarns ordered were either not in stock or discontinued. At the times that Mr. Dunbabin's orders were not fulfilled, KFI delivered the Katia and Mondial yarns to retailers who made the yarns available for sale in the United States.

## THE PENDING LITIGATION

23. Cascade filed suit against Defendants and others in 2010 alleging claims for unfair competition and false advertising under federal and state law. KFI filed an Answer and Counterclaim against Cascade and a Third-Party Complaint against each individual member of the family that owns Cascade. That suit remains pending before this Court.

Complaint For Unfair Competition
And False Advertising - 8
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

24. KFI's operative Counterclaim and Third Party Complaint alleged, in paragraph 178, that "Cascade has also made false and misleading statements about the composition and country of origin of its own yarns" and, in paragraph 180 that "many of Cascade's yarn labels fail to identify a country of origin as required by law."

25. KFI's operative Counterclaim and Third Party Complaint alleged, in paragraph 184, that "Luxury Mohair, Bamboo Cotton DK, Dream Chunky, Mirage, Zig Zag 4 Ply do not identify a country of origin on their labels."

26. As soon as Cascade became aware of the lack identification of the country of origin on any of the yarns that it sold (and it did not sell all of the yarns identified in the Counterclaim and Third Party Complaint as lacking the identification of a country of origin), it immediately made that information and additional labels identifying the country of origin available to its customers.

27. KFI's operative Counterclaim and Third Party Complaint alleged claims for unfair competition against Cascade, Robert A. Dunbabin, Sr., Jean Dunbabin. Robert A. Dunbabin, Jr. and Shannon Dunbabin based on Cascade's alleged failure to identify a country of origin on the labels of Luxury Mohair, Bamboo Cotton DK, Dream Chunky, Mirage and Zig Zag 4 Ply.

28. In an order dated May 19, 2011 entered in the pending action, the Court granted Cascade leave to file its Third Amended Complaint; however, the Court cautioned that further requests for leave to amend would be highly scrutinized as further requests for leave would impact the firm trial date. Accordingly, when Cascade subsequently became aware of Defendants' failure to identify the country of origin of certain of Defendants' yarns it did not

Complaint For Unfair Competition
And False Advertising - 9
Case No.

Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 Fax: 415.434.3947

seek leave to file a Fifth Amended Complaint in the pending action given the Court's admonitions and Cascade's option to initiate a new suit to address the new claim.

29. Cascade moved for summary judgment and dismissal of the Counterclaim and Third Party Complaint based on the alleged failure to identify a country of origin on the labels for Luxury Mohair, Bamboo Cotton DK, Dream Chunky, Mirage and Zig Zag 4 Ply.

30. By Order of October 31, 2012, the Court denied Cascade's motion for summary judgment on KFI's claims for the alleged failure to identify the country of origin for Luxury Mohair, Bamboo Cotton DK, Dream Chunky, Mirage and Zig Zag 4 Ply. The Court recognized that Cascade pointed to KFI's labeling of certain of its yarns in the same fashion as Cascade and stated that this was "legally ineffective as proof that Cascade's yarns were properly labeled as to country of origin." Further, the Court recognized that failure to identify a country of origin is actionable under the Lanham Act.

31. KFI's decision to persist in asserting its country of origin claims, while selling yarns labeled in the same fashion as some yarns previously sold by Cascade, along with the Court's ruling sustaining such claims and subsequent order for Cascade to engage in costly and protracted mediation to settle KFI's claims against Cascade arising from its alleged failure to identify a country of origin, compels Cascade to bring this suit in order to offset any liability and costs that it incurred.

32. Cascade's investigation to date, which investigation is ongoing, reveals that the following yarns imported and sold by Defendants within the United States in competition with yarns sold by Cascade do not identify a country of origin: Katia Acuario, Katia Aloha, Katia Azahar, Katia Bolivia, Katia Belice, Katia Bombay, Katia Brooklyn, Katia Caroline, Katia Chic Print, Katia Cuzco,

Complaint For Unfair Competition
And False Advertising - 10
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

Katia Funny, Katia Gatsby, Katia Gatsby Lux, Katia Gemini, Katia Grace, Katia Greta, Katia Hechico, Katia Ingenua, Katia Malindi, Katia Manhattan, Katia Marilyn, Katia Martinica, Katia Malino, Katia Ondas, Katia Ondas Lux, Katia Papalon, Katia Park Avenue, Katia Peru, Katia Rizos, Katia Rocio, Katia Rocio Plus, Katia Roma, Katia Ronda, Katia Sole, Katia Sophie, Katia Syros, Katia Toledo, Katia Triana Lux, Katia Triana, Katia Zanzibar, Mondial Libra Lux, Mondial Papillion, Mondial Fantasy, Mondial Scically, Mondial Giava and Mondial Pizzo Lux.

33. Similarly, a number of KFI's yarns fail to list the name or registered d/b/a of any distributor. For instance, the "Louisa Harding" branded yarns do not list any manufacturer or distributor on their labels or marketing materials. Similarly, the "Mirasol" and "Queensland" branded yarns do not list any manufacturer or distributor on their labels or marketing materials.

34. Upon information and belief, Defendants have made statements to people in the yarn industry, including people doing business with Cascade, that these and other claims pose so much liability to Cascade that KFI's pursuit of the claims will likely put Cascade out of business.

35. Accordingly, Cascade is left with no option other than to initiate a new action to pursue any claims arising out of KFI's failure to identify a country of origin for certain yarns given that the Court in the pending action determined that KFI stated a claim for unfair completion for Cascade's failure to identify a country of origin on certain yarns and that such claims should proceed to trial.

## JURISDICTION AND VENUE

36. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, based upon the federal causes of action asserted. This Court has supplemental jurisdiction over the

Complaint For Unfair Competition
And False Advertising - 11
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

remaining counts pursuant to 28 U.S.C. § 1367.

37.     Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965 because Defendants transact business in this district, are found in this district, and/or directed conduct at this forum.

## COUNT ONE
### (Unfair Competition Under 15 U.S.C. § 1125(a))

38.     Cascade hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

39.     Defendants, in promoting their hand knitting yarns, have made false and misleading statements about the country of origin of those yarns.

40.     The false and misleading statements of the Defendants about their yarns have deceived some Cascade customers or have the tendency to deceive a substantial segment of Cascade's customers.

41.     The Defendants' false and misleading statements about their yarns are material, in that they are likely to influence customers' purchasing decisions.

42.     Cascade has been and will continue to be injured as a result of the false and misleading statements about the country of origin of Defendants' yarns either by direct diversion of sales from Cascade to Defendants or by a lessening of the goodwill associated with Cascade's goods.

43.     The acts of the Defendants constitute willful, deliberate, false, and misleading representations of fact as to the nature and characteristics of their yarns. The false and misleading statements of the Defendants' constitutes false advertising.

Complaint For Unfair Competition
And False Advertising - 12
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

44.     As a direct and proximate result of the false advertising and deceptive conduct of the Defendants, Cascade has suffered and will continue to suffer monetary damages and irreparable harm.

## COUNT TWO
### (False Advertising Under 15 U.S.C. § 1125(a))

45.     Cascade hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

46.     As set forth above, Defendants have made and continue to make deceptive, misleading and fraudulent statements regarding the country of origin of certain yarn products sold throughout the United States and identified herein.  Additionally, Defendants have made and continue to make deceptive, misleading and fraudulent statements in marketing materials, on their website(s) and in promotional materials regarding the country of origin of certain yarn products, including but not necessarily limited to the mislabeled products identified in this Complaint.  These statements are meant to influence customer into purchasing Defendants' products to the exclusion of Cascade's products.

47.     As set forth above, Defendants' labels and promotional materials for the yarns identified herein fail to disclose a country of origin contrary to applicable law.  KFI contends that this constitutes unfair competition.  The Court in the pending action declined to dismiss KFI's claims for unfair competition based on the identification of a country of origin.  Cascade contends that to the extent this constitutes unfair competition as alleged by KFI that Defendants have intentionally engaged in the same conduct.  Further, that Defendants continue to engage in the same conduct by continuing to import and deliver products in the United States subsequent to

Complaint For Unfair Competition
And False Advertising - 13
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

KFI's filing its Counterclaim and Third Party Complaint in the pending action that do not identify the country of origin.

48.  Defendants' past and ongoing harm of Cascade is continuing to the present and foreseeable future.

49.  As a direct and proximate cause of Defendants' conduct, Cascade has been damaged in an amount to be proven at the time of trial. Cascade will continue to suffer injury to its goodwill, its rights and its business, unless and until Defendants are restrained from continuing their wrongful acts.

## COUNT THREE
**(Unfair Competition/Violation of the Washington Consumer Protection Act, RCW 19.86)**

50.  Cascade hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein. As set forth above, Defendants have made and continue to make deceptive and misleading statements on labels of products sold throughout the U.S. Additionally, Defendants have made and continue to make deceptive, misleading and fraudulent statements marketing materials, on their website(s), in social media and in promotional materials.

51.  Such conduct constitutes unfair or deceptive acts or practices in trade or commerce affecting public interest, capable of repetition, and caused Cascade to suffer injury to its business, goodwill and reputation as a result of those unfair or deceptive practices.

## COUNT FOUR
**(Common Law Unfair Competition)**

52.  Cascade hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

Complaint For Unfair Competition
And False Advertising - 14
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

53. Defendants are in competition with Cascade.

54. As set forth above, Defendants have made and continue to make deceptive and misleading statements on labels of products sold throughout the U.S. Additionally, Defendants have made and continue to make deceptive, misleading and fraudulent statements in marketing materials, on their website(s), in social media and in promotional materials. These statements are meant to influence customers to purchase Defendants' products to the exclusion of Cascade's products.

55. Defendants' past and ongoing harm of Cascade continuing to the present and foreseeable future, and is a serious and unmitigated hardship. As a direct and proximate cause of Defendants' conduct, Cascade has been damaged in an amount not totally ascertainable at this time. Cascade will continue to suffer injury to its goodwill, its rights and its business, unless and until Defendants are restrained from continuing their wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Cascade respectfully request the Court enter judgment in its favor as follows:

(1) awarding damages for all injuries suffered as a result of Defendants' conduct, including from any Defendant, which is not a natural person but whose "corporate veil" is pierced;

(2) awarding disgorgement of wrongfully obtained profits in an amount to be determined at trial;

Complaint For Unfair Competition
And False Advertising - 15
Case No.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

(3) awarding prejudgment interest in an amount to be determined at trial; awarding injunctive relief prohibiting Defendants from engaging in the conduct described herein; and such other and further relief to which Plaintiff may be entitled.

Dated: April 15, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/
Robert J. Guite, WSBA No. 25753
Attorneys for Plaintiff
Cascade Yarns, Inc.

Complaint For Unfair Competition
And False Advertising - 1
Case No.
SMRH:408273996.6

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 Fax: 415.434.3947