UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNITTING FEVER, INC., a New York corporation, KFI Inc., a New York corporation; SION ELALOUF, an individual; and JAY OPPERMAN,<br><br>Defendants. | CASE NO. C13-674RSM<br><br>ORDER ON MOTION TO DISMISS |

   This matter is before the Court for consideration of a motion to dismiss filed by defendants Knitting Fever, Inc.; KFI, Inc.; Sion Elalouf; and Jay Opperman (together, "the KFI defendants"). Dkt. # 16. These defendants are also defendants in another action filed against them by plaintiff in 2010 and still pending in this Court. *Cascade Yarns, Inc. v. Knitting Fever, Inc., et al.*, C10-861RSM ("*Cascade I*"). They now move to dismiss the amended complaint in this action, filed in 2013, ("*Cascade II*") for failure to state a claim and for violating the prohibition against claims-splitting. Plaintiff has opposed the motion. For the reasons set forth below, defendants' motion to dismiss shall be denied.

ORDER - 1

BACKGROUND

In *Cascade I*, Cascade yarns filed an original and four successive amended complaints, all alleging that certain yarns sold by KFI are mislabeled as to fiber content, and that such mislabeling constitutes a fraud and a violation of the Lanham Act, 15 U.S.C. § 1125(a), as well as the Washington Consumer Protection Act, RCW 19.86. KFI counterclaimed for defamation and false statements, and also claimed that certain Cascade yarns are mislabeled as to fiber content or as to country of origin. *Cascade I*, Dkt. # 182. The parties' claims based on false labeling as to fiber content were dismissed on motions for summary judgment, after the Court disqualified plaintiff's expert on fiber testing for lack of reliability. *Cascade I*, Dkt. ## 865, 886. This dismissal left KFI's counterclaims for defamation and false statements, as well as for false labeling as to country of origin, as the only remaining claims in *Cascade I*. Shortly after the Court denied Cascade's motion for reconsideration on the dismissal of claims based on fiber content, Cascade filed this action against KFI, asserting claims under the Lanham Act for false advertising and unfair competition, together with state law claims of unfair competition in violation of the Washington Consumer Protection Act and common law. Dkt. # 1. An amended complaint with the same four claims is the subject of this motion to dismiss. Dkt. # 14.

DISCUSSION

I. **Legal standard**

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star International v. Arizona Corp. Comm'n*, 720 F. 2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Under Rule 8, "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R. Civ.P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks School of Business v. Symington*, 51 F. 3d 1480, 1484 (9th Cir. 1995).

ORDER - 2

Dismissal is proper only where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id*. at 555. Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F. 3d 1035, 1041 (9th Cir. 2010), citing *Ashcroft v. Iqubal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555.

II. **Analysis**

The amended complaint alleges that KFI is a wholesaler and United States distributor of yarns branded as Mondial and Katia. Amended Complaint, Dkt. # 14, ¶ 12. Mondial is an Italian company and Katia is based in Barcelona, Spain. *Id*., ¶ 15. Prior to 2010, when KFI lost the distribution rights for Mondial yarns, the Mondial yarns supplied to KFI for sale in the United States were labeled "Made in Italy." *Id*., ¶ 13. Katia yarns were branded and labeled as made in Spain, but Mr. Elalouf of KFI knew that at least one Katia yarn was actually made in Italy. *Id*., ¶ 14. Sometime after August of 2010, KFI reacquired the distribution rights for Mondial yarns. After KFI reacquired the distribution rights, Mondial began sourcing its products from Turkey and China, and ceased listing a country of origin for these yarns on many labels. *Id*., ¶ 20. Other Mondial yarns have a sticker attached to the labels indicating that the yarns are "Made in China." *Id*., ¶ 17. Some Mondial yarns are sold in the United States labeled as "Made in Italy" while others bear no country of origin on the label. *Id*. At some unspecified time, Katia also began importing products from Turkey and China, and ceased to list a country of origin on many of the labels. *Id*., ¶ 20. Identifying a premium-priced yarn as "Made in

ORDER - 3

China" would be unattractive to consumers. *Id*., ¶ 18.

In moving to dismiss under Rule 12(b)(6), KFI argues that Cascade has failed to allege any false or misleading statement made by KFI concerning the country of origin of yarns sold by KFI. Thus, according to KFI,

> Cascade alleges false or misleading statements concerning the country of origin of certain unspecified yarns, but not that such yarns are allegedly sold by the KFI Defendants. Cascade also alleges statements made by the KFI Defendants concerning the country of origin of specific yarns they sell, but not that such statements are false or misleading. Nowhere does Cascade allege a false or misleading statement concerning the country of origin of yarns allegedly sold by the KFI Defendants. Moreover, Cascade's bald assertion that the KFI Defendants sell yarns which "do not identify a country of origin" is directly contradicted by the very labels of the accused goods themselves.

Motion to Dismiss, Dkt. # 16, p. 2. This argument mischaracterizes the allegations of the amended complaint.

As demonstrated in the allegations set forth above, Cascade has alleged that KFI is the United States distributor for Katia and Mondial yarns. Thus, Cascade need not allege "sale" with respect to each specific yarn. Cascade has also alleged that some Mondial and Katia yarns are made with products which originated in China or Turkey, and that the labels do not so indicate. While Cascade will have to identify the specific yarns and provide proof in order to prove this allegation and prevail on the merits of its claims, it need not provide such specificity at the pleading stage.

KFI also asserts that Cascade is wrong to accuse certain yarns as falsely labeled where they fail to identify a country of origin. According to KFI, the Wool Products Labeling Act, 15 U.S.C. § 68b *et seq*., requires that products be labeled "with the name of the country where such products were processed or manufactured." Motion to Dismiss, Dkt. # 16, p. 6. The Federal Trade Commission has explained that the phrase "made in" or "product of" is not required to be used with the country of origin unless "needed to avoid confusion or deception." *Id*. Thus, according to KFI, Katia labels which display Katia's address in Barcelona, Spain, properly indicate the country of origin. Motion to Dismiss, Dkt. # 16, p. 14. However, this would be so only if the yarn under the label were actually produced or manufactured in Spain. According to the allegations of the amended complaint—which must be taken as true for the purposes of this motion—some Katia yarns originate in China or Turkey. Therefore a

ORDER - 4

label which lists only Barcelona, Spain, could be false as to country of origin.

Finally, KFI asserts that six of the seven accused Mondial yarns are properly labeled, including three labeled as "Made in China." Motion to Dismiss, Dkt. # 16, p. 16. KFI has attached to its motion copies of such labels, including the three "Made in China" labels, with what appears to be a sticker over the label, as described in the amended complaint. Declaration of Sian Elalouf, Dkt. # 17, Exhibit B. Cascade has moved to strike this extrinsic evidence as improper in a motion to dismiss proceeding, but also has offered its own copies of labels of the same three yarns, stating that they are "Made in Italy," to controvert KFI's demonstration. Declaration of Robert Guite, Dkt. # 20, Exhibits A, B, C. The Court will grant Cascade's motion to strike because the extrinsic evidence is irrelevant in the absence of authentication as to chain of custody and time of sale or purchase, placing the allegedly mislabeled yarn within the limitations period for Lanham Act claims.

The Court finds that Cascade has sufficiently alleged that KFI has sold yarn that is falsely or improperly labeled as to country of origin to withstand a motion to dismiss for failure to state a claim. The motion shall accordingly be denied as to the Rule 12(b)(6) motion.

KFI has also moved to dismiss on the basis that Cascade's complaint runs afoul of the prohibition against claim-splitting. KFI contends that the parties in this case are the same as the parties in *Cascade I*, and "both the rights asserted and the relief prayed for is [sic] the same as in [*Cascade I*]." Motion to Dismiss, Dkt. # 16. Therefore, according to KFI, the claims in this action should have been asserted in *Cascade I*, and Cascade is barred from bringing them in a new and separate action. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dept. Of Health Services*, 487 F. 3d 684, 688 (9th Cir. 2007).

In assessing whether the second action is duplicative of the first, courts examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id*. at 689, citing *The Haytian Republic*, 154 U.S. 118, 124 (1894). To determine whether the two causes of action are the same, the courts use the transaction test developed in the context of claim preclusion. *Id*. "Whether two events are part of the same transaction or series depends on whether they are related to

ORDER - 5

the same set of facts and whether they could conveniently be tried together." *Id.*, quoting *Western Systems, Inc., v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(1) (1982).

While Cascade's claims in both cases are based in part on the Lanham Act, the causes of action asserted are entirely different.  In *Cascade I*, Cascade based its claims of false advertising and unfair competition on allegations of false labeling as to fiber content of KFI's yarns.  Here, the Lanham Act and other claims arise from allegations of false labeling as to country of origin.  The facts to be offered in proof are entirely different; there is no overlap whatsoever between a claim that a label misstates the fiber content of a yarn and a claim that the label misstates the country of origin.  The fact that Cascade's claims based on fiber content have been dismissed in *Cascade I* does not in any way preclude it from bringing claims based on country of origin in this case.

The Court accordingly finds that no improper claim-splitting has occurred.  The motion to dismiss on this basis shall be denied.

## CONCLUSION

Plaintiff's motion to strike extrinsic evidence, raised in its response (Dkt. # 20) is GRANTED.  Defendants' motion to dismiss (Dkt. # 16) is DENIED.  Plaintiff's motion to strike certain arguments made by KFI in reply, raised in plaintiff's surreply (Dkt. # 24) is DENIED as moot.

DATED this 3 day of September 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6